Kirkpatrick, C. J.
There aré six reasons assigned for-the reversal of this judgment, but no one of them verified as to matter of fact, either by the record or otherwise.
A general question, however, has been raised upon the whole record, and relied upon by the plaintiff in certiorari. It is, whether an action for legacy will lie in a justice’s court.
Matter of legacy originally, was not of common law [*] jurisdiction. It belonged to the Ecclesiastical Court, and I believe, does so still in England, except under particular circumstances. No such court existing in this country, it became necessary to transfer it to some. other judicatory. This, no doubt, must have been done very soon after the settlement of the province, either directly or by construction and practice. The first act I have been able to find on the subject, is 4 Geo. 2,49; passed in 1730. This act expressly gives an action of debt for a legacy in the common law courts, and particularly before a justice of the peace, if the sum be under forty shillings, this being the largest sum then cognizable in that court.
The act nowin force, by which the act of 1730 is repealed, was passed in 1774, and also gives an action of debt in the Supreme Court, or any other court of record, if the legacy amounts to £15, and in any court where the same may be cognizable, if under that sum.
It is to be observed, that between the passing of the act of 1730, and that of 1774, the justice’s jurisdiction had been raised from forty shillings to £6. When the act then gives an action of debt for a legacy in any court where the same may be cognizable, if under the sum of £15, it is manifest that the words can only be satisfied by applying them to the courts of Common Pleas, for all legacies under £15, and above £6, and to the justice’s courts for all under that sum.
The policy of the act is to convert legacies into debt, for this purpose, to give a common law remedy for the recovery of them, and to subject them to the cognizance of the common law courts, like other debts. The distribution of them which the act makes to the different courts, is precisely the same as in other actions.
Our twelve pound, and sixty dollar, and hundred dollar acts then, finding the justices in possession of [*] this ju *415 risdietion, as to legacies, have merely raised the sum without altering the subject matter.
From this view of the subject, 1 can have no doubt but that the action well lies before a justice; and therefore, I think, so far as it depends upon this question, that the judgment must be affirmed.
I should have been glad to see the will, but it is not handed up, nor I believe, made the ground of any objection.
RossetiX. J.' — Was of the same opinion.
Pennington, J.
The action below was brought against the defendants below, as executors, for a legacy; one objection raised against the proceedings below, is, that the justice had not jurisdiction of the action. Notwithstanding the act of Assembly declares courts for the trial of small causes, courts of record, yet so far as it respects the jurisdiction of these courts, they are to be considered inferior courts, of special jurisdiction, and derive their authority from positive law. The cases made cognizable by the act of Assembly in these courts, are, every suit of a civil nature at law, where the debt, balance, or matter in dispute, does not exceed one hundred dollars, &c. with the exception of trespass, assaults, &c., and cases where the title of land may, or shall come in question. As actions for legacies were not at the common law, maintainable in courts of the common law, but in the Ecclesiastical Courts, and Courts of Chancery; it may be very well questioned, whether by this act alone, justice’s courts have jurisdiction of the cases of legacies. My attention lias therefore been drawn to the act of Assembly on the subject of legacies, passed in 1774, Pal. 36. This act, after reciting that the laws of the Province, relating to the recovery of legacies, are defective, enacts, that legacies may be sued for by action of debt, case, or detinue, if they amount to fifteen pounds or upwards, in the Supreme Court of this [*] Province, or any other court of record; and if under fifteen pounds, in any court where the same is cognizable: and then proceeds to make provision for the appointment of auditors, in case of the plea of the want of assets: also, for refunding bonds, and awarding costs according to equity. The words “ in any court where the same is cognizable,” gives rise to some difficulties in my mind. It cannot be supposed that the Legislature intended to give jurisdiction to the Supreme Court, of all cases of legacies of fifteen pounds and upwards, and leave to the Courts of Chancery, and .Ecclesiastical Courts (or what was the same thing, the Ordinary) sums under fifteen pounds. If this act had been passed since the revolution, and was a new one on the sub *416 ject, I should have been at once inclined to think, that the true construction of it would be, that legacies of fifteen pounds and upwards, were cognizable in the Supreme Court, and Courts of Common Pleas; and underfifteen pounds,in any court having authority to try civil causes at law, according to the limits of their several jurisdictions as to the sum, in which would be included justice’s courts. I find by looking into Nevill’s edition of the laws, vol. 1, page 192, that this is no new law, but the same act with all its provisions, was passed in 1730, for a limited time, and afterwards made perpetual by a subsequent act, 1 Nevill, 252. There is however, this difference as to the jurisdiction of the courts. The act of 1730, which I incline to think was the first law on the subject, after we became a Colony, and which recites - the same mischief to be remedied as the act of 1774, authorizes an. action of debt or detinue for a legacy “if it amount to the value of twenty pounds or upwards, in the Supreme Courts of this Province, or any other courts of record, and if upwards of forty shillings, and under twenty pounds, in any of the Courts of Common Pleas in any of the counties of this Province; and if of-the value of forty shillings or under, then in such case, before any justice of the [*] peace, of any of the counties in this province.” It is true, that this act has been repealed by that of 1774, and is only resorted to by me, for the purpose of explaining the ambiguous expressions in the last act; and it is to be regretted that it affords so little light on the subject. It however answers one argument of the counsel for the plaintiff in certiorari: — That the Legislature could not have intended to give justice’s courts jurisdiction of legacies, vis they have authorized courts having such jurisdiction, in the case of a plea of want of assets, to appoint auditors to settle the accounts of the executors, that it cannot be believed they ever meant to confer on justice’s courts, this important and .intricate duty, which they could not be supposed to be calculated to perform with correctness, or convenience. But the act of 1730, expressly gives justice’s courts jurisdiction of legacies, to the extent of their jurisdiction at the time of passing the act, which act contained precisely the same provision respecting the appointment of auditors, as the act of 1774. But what is meant by the words or any other court of record, coupled with that of the Supreme Court, is rendered more obscure and ambiguous by a recurrence to the act of 1730. In this respect, the two acts make use of precisely the same words, to wit; “in the Supremo Court of this Province, or any other court of record;” but immediately following these words, in the act of 1730, is an express provision, giving *417 the Courts of Common Pleas, jurisdiction of sums betweeii twenty pounds and forty shillings, and the justice’s courts, jurisdiction of sums under forty shillings, so that even the Common Pleas, by the act of 1730, were hot considered courts of record, in the sense there contemplated. In the act of 1774, insíeád of the express provisions as above, is the following clause; “and if under fifteen poufids, in any court where the same may bé cognizable.” As the former act in express terms, gave jurisdictioii In the case of legacies to the justice’s [#] courts, I incline to think under this clause, the justice’s courts derive a similar jurisdiction. But théh an important question arises in this cause, what is the extent of that jurisdiction; is it not confined to sums under fifteen pounds?. From the best consideration I have been able to give tiiis subject, I incline to think it is. If we construe the words, or any other court of record, coupled with the Supreme Court, to comprehend justice’s courts, we must certainly do the same as to the Common Pleas, when this would leave the last clause without any meaning, which w'Ould not comport with sound legal rules of construction, as long as aiiy rational meaning can be found. Ñor do I think that the words in the justice’s act, every suit of a civit nature at taw,: can with propriety he construed to change the ihténtion of the Legislature in this respect; suits for legacies were not of common law jurisdiction. The Legislature thought fit and proper, under certain circumstances, and subject to certain specific afid positive regula5 tions, to give the common law courts such jurisdiction. In no possible event, as I apprehend, did the statute on this subject, contémplate a jurisdiction in the justice’s courts^ extending to fifteen pounds and upwards, these courts not being courts of record in the view of the act. If therefore, it should be done, it must be from implication, arising out of the language Of the act constituting those courts. To give to a special jurisdiction authority by implication, would, as I apprehend, militate against a sound rule of construction. These reflections settle the question in my mind. . The action below, was for one hundred dollars, the justice had not jurisdiction to that extent, of course the judgment, in my opinion, ought to be reversed.
J. H. Williamson, att’y for plaintiff.
Chetwood, att’y for defendant.
Judgment affirmed.